{¶ 21} I respectfully dissent.
 {¶ 22} Like the courts in State v. Ware (Apr. 21, 2000), Huron App. No. H-99-025, and State v. Merlo (Apr. 29, 1981), Summit App. No. 9904, I believe that in the case sub judice the bond conditions under which the trial court granted the appellant's pretrial release shared the characteristics of both a "monetary" bond and an "own recognizance" bond. In Merlo the court wrote: "Defendant's third argument in support of his claim of error can be restated in question form as follows: Where an accused is released on a combination of a recognizance and a surety bond, is the accused subject to the penalty provided by R.C. 2937.29 if he should break the condition of the recognizance? It is our opinion that so long as the court requires from defendant a recognizance as a condition of defendant's release during a criminal proceeding and that recognizance is a part of, or is the total condition of defendant's release, defendant is subject to possible criminal liability as a result of his failure to obey the terms of the recognizance. Thus where, as here, defendant is alleged to have posted a recognizance in a low dollar amount secured by defendant's own signature, plus posting a surety bond in a sizeable dollar amount, indictment may be predicated on defendant's failure to appear as conditioned by the recognizance and ordered by the court. We note, as did the trial judge, (T.O.P. 12) that the words "solely" or "only" do not appear in or refer to the recognizance spoken of in R.C. 2937.29. We therefore reason that, in this respect, defendant's argument is of no merit."
 {¶ 23} The difficulty in this case stems from the antiquated and somewhat inconsistent language used in the statutes. Nevertheless, I see no absolute distinction between the terms "recognizance" and "own recognizance" for purposes of a R.C. 2937.29 prosecution. Again, I believe that a defendant's bond may be construed to include both a "monetary" component and an "own recognizance" component.
JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.
If A stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J.: Dissents with Attached Dissenting Opinion.
Kline, J.: Concurs in Judgment and Opinion.